**Caption and heading**
Jacob Barnes
58 walter st
Madison WI 53714
414-640-8002

DOC NO
REC'D/FILED
2015 NOV -4 PM 4: 30
PETER OPPENEER
CLERK US DIST COURT
WD OF WI

15 C 714

**Jurisdiction and Venue**

Western District of Wisconsin United States District Court

**Parties**

Plaintiff: Jacob Barnes
Defendants: University of Wisconsin Hospital and Clinics, University of Wisconsin Medical Foundation Clinics

**Complaint**
The Plaintiff is a patient with disabling sleep issues whose medical records go back to 1988. The Defendants have deliberately restricted The Plaintiff's access to medical records despite his efforts to participate in medical research, make empowered choices about his health care and gain access to quality care.

Since 2013, The Defendants have willfully obstructed The Plaintiff's access to his Electronic Medical Record (hereafter EMR). This tactic – known as information blocking – has prevented The Plaintiff from ascertaining the completeness of his medical records, creating a backup of his EMR, sharing his EMR, uploading valuable information and raw data from outside sources, accessing raw data from important tests, transferring EMRs from other facilities and clarifying, modifying, correcting or changing his EMR.

Despite multiple requests by The Plaintiff, The Defendants are withholding The Plaintiff's medical record behind their info blocking firewall. Because they are not allowing him to access his complete EMR, he does not know the extent of their deliberately deceptive tactics, but he knows that it is happening based on records known to exist which are absent from the records he is being allowed to access (for example the data from his sleep study and needle muscle biopsy). These info blocking tactics are prohibited by HIPAA and The HITECH Act (under meaningful use core requirements 2, 5, 8, 12 and 14).

Doctors at UWHC have misdiagnosed The Plaintiff several times because the doctors are not allowed enough time and the medical records at their disposal – even though they contain tests that specifically rule out the diagnosis in question – are not properly uploaded as data. These repeated medical errors have caused massive delays in care, unnecessary tests and injury to the Plaintiff.

The Defendants have deliberately skimped on the costs of entering the medical history of The Plaintiff as data into his EMR. The Defendants professional negligence is so extreme that they even merged the medical records of The Plaintiff with those of his sister and almost certainly shared them with other facilities. These negligent practices have caused medical errors, delays in care, misdiagnosis and injury to the Plaintiff.

The Defendants have willfully discriminated against The Plaintiff by not allocating adequate time for

it's physicians to deal with patients who have complex long term chronic illnesses. Dr Porter has indicated that she has not even read The Plaintiff's entire medical record, despite being under her care for several months. The Defendants strategy of deliberately denying access to The Plaintiff's EMR discriminates against him because more profitable patients (with short term illnesses) do not require this level of access. As a person who has medical records going back to 1988, it is imperative that he have complete access to his medical record for research and ongoing care. The Defendants discriminate against The Plaintiff because they have not allocated the resources to properly upload his vast medical history into his EMR as data. Scanning paper records as an image might be satisfactory for patients with short term illnesses, but it does not allow doctors to access his medical record as data. The Defendants refuse to accommodate The Plaintiff's disabling sleep issues. In their offer to allow him to view a PDF version of his medical records at their facility (NOT his EMR), they require that he make an appointment and spend hours at their facility during the time they are open. This is a policy that erects barriers for people with special needs created by disabling sleep issues, such as the ones that plague The Plaintiff. The discriminatory practices undertaken by The Defendants have caused misdiagnosis, delays in care, emotional distress, obstructions in medical research opportunities and poor quality care. These practices stand in stark contrast to the equal access guaranteed by The Americans with Disabilities Act.

**Relief**

Based on the willful prolonged discrimination, negligence, violations of privacy, delays in care and research, denial of basic rights to access and emotional distress he has endured, The Plaintiff is entitled to monetary damages of $100,000,000.00.

Data has become an integral part of modern medical records. Patients have a fundamental right to access their EMR and the data it contains. In addition to the above monetary damages, The Defendants will also pay The Plaintiff $1,000 per kilobyte of data withheld from each medical records request and $10,000 per kilobyte of his sister's (or anyone else's) data that has contaminated his EMR.

The Defendants will also pay all court costs and attorney fees accrued by The Plaintiff.

The Defendants will allow The Plaintiff permanent remote access to his complete EMR including peer to peer sharing, remote backup and read & write privileges. All information blocking will permanently cease. Additionally, The Defendants will be ordered to enter The Plaintiff's entire medical record as data into his EMR. This includes all medical records transferred to UWHC from outside sources, all records that predate their electronic medical records system and records provided by The Plaintiff.

The court must decide who owns The Plaintiff's medical records. Do they belong to The Defendant – under their complete, exclusive control – or do they belong to The Plaintiff?

The court must decide the extent that whatever agreements The Defendants have entered into with their Health IT vendors [Epic Systems] extend over The Plaintiff's rights as an individual. Does he have the right to access and share his EMR as he sees fit or do the agreements between The Defendants and their IT providers maintain this exclusive dominion over his EMR?

Years of negligence, discrimination & obstruction have brought on this suit. Please bring justice upon The Defendants on behalf of The Plaintiff.

11/4/2015