IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACOB BARNES,

                                                                                              OPINION & ORDER

                          Plaintiff,

v.                                                                                      15-cv-714-jdp

UNIVERSITY OF WISCONSIN
HOSPITAL AND CLINICS, and
UNIVERSITY OF WISCONSIN
MEDICAL FOUNDATION CLINICS,

                          Defendants.

---

      Pro se plaintiff Jacob Barnes has filed a proposed complaint in which he alleges that defendants University of Wisconsin Hospital and Clinics and University of Wisconsin Medical Foundation Clinics have deliberately restricted plaintiff's access to his electronic medical records. Dkt. 1. With his proposed complaint, plaintiff has filed a motion to appoint counsel. Dkt. 4.

      The court granted plaintiff leave to proceed without prepaying his filing fees. Dkt. 3. The next step in this case is for me to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In screening any pro se litigant's complaint, I must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

      After reviewing the complaint with this principle in mind, I conclude that federal law does not provide plaintiff with a private right of action against defendants for obstructing plaintiff's access to his electronic medical records. I also conclude that I would not have subject matter jurisdiction over possible state law claims that plaintiff could assert. I will

therefore deny plaintiff leave to proceed, and I will dismiss plaintiff's complaint. I will also deny plaintiff's motion for assistance recruiting counsel because it is moot.

ALLEGATIONS OF FACT

Plaintiff suffers from a disabling sleep condition, and his medical records date back to 1988. Since 2013, defendants have obstructed plaintiff's access to his medical records. According to plaintiff, this obstruction has prevented him from: (1) ascertaining the completeness of his records; (2) creating a backup of his electronic medical records; (3) sharing his medical records; (4) uploading information and data from outside sources; (5) accessing raw data from medical tests; (6) transferring his electronic medical records from other facilities; and (7) clarifying, modifying, correcting, or changing his electronic medical records. Plaintiff has made several requests to defendants to permit him to view his records, but they have refused to allow him the access that he wants.

Plaintiff also describes issues with the accuracy of his medical records. Based on the portions that plaintiff has been able to view, he believes that doctors have not uploaded certain test results and other diagnostic information. He also alleges that defendants have negligently merged plaintiff's medical records with his sister's records. These recordkeeping errors have resulted in misdiagnoses, delayed care, and unnecessary medical tests.

At some point, defendants offered plaintiff an opportunity to view a PDF version of his records (plaintiff does not allege when or how this offer occurred). But defendants required plaintiff to make an appointment to review the records during normal business hours at defendants' facilities. Plaintiff's sleep condition made it difficult for him to make or attend such an appointment. Moreover, defendants' offer did not cover all of the records that

plaintiff wanted to view. Plaintiff therefore filed suit in this court, seeking damages and an order compelling defendants to provide plaintiff with remote access to his electronic medical records.

## ANALYSIS

Beginning with plaintiff's federal law claims, the complaint alleges that defendants violated the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and the 2009 amendments to HIPPA in the Health Information Technology for Economic and Clinical Health Act (HITECH) by refusing to allow plaintiff to view and copy his own medical records. Dkt. 1, at 1. But neither act creates a private right of action through which an individual citizen can sue to enforce his rights. *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011); *Christensen v. United States*, No. 11-cv-321, 2013 WL 4521040, at *12 (E.D. Ky. Aug. 26, 2013); *Franklin v. Wall*, No. 12-cv-614, 2013 WL 1399611, at *2 (W.D. Wis. Apr. 5, 2013) ("[C]ourts have uniformly held that HIPAA did not create a private cause of action or an enforceable right for purposes of a suit under 42 U.S.C. § 1983." (collecting cases)). Rather, the secretary of Health and Human Services—or in some cases a state's attorney general—is responsible for enforcing these federal laws. *See* 42 U.S.C. § 1320d-5. Thus, although I must accept as true plaintiff's allegations that defendants are wrongfully denying him access to his medical records, I conclude that plaintiff cannot pursue these claims under HIPAA or HITECH.

In contrast to federal law, Wisconsin law provides a private right of action against individuals who violate the state's medical records laws. *See* Wis. Stat. § 146.84(1). And if plaintiff intends to assert medical malpractice claims against the doctors who treated him,

these would be state law claims as well. But based on the allegations in the complaint, I would not have subject matter jurisdiction over any state law claims that plaintiff asserts in this case. Under 28 U.S.C. § 1332, federal district courts have jurisdiction over civil actions where the parties are citizens of different states and the amount in controversy exceeds $75,000. Here, plaintiff indicates that he has a Madison, Wisconsin, mailing address. This means that plaintiff is presumably domiciled in Wisconsin and a citizen of this state. Defendants also appear to be citizens of Wisconsin. Thus, at this point, I do not have a basis for exercising subject matter jurisdiction over plaintiff's state law claims.

ORDER

IT IS ORDERED that:

1. Plaintiff Jacob Barnes's federal claims are DISMISSED with prejudice for failure to state a claim upon which relief can be granted. Plaintiff's state law claims are DISMISSED without prejudice for lack of subject matter jurisdiction.

2. Plaintiff's motion to appoint counsel, Dkt. 4, is DENIED as moot.

3. The clerk of court is directed to close this case.

4. Plaintiff is reminded that he must pay the $350 filing fee for this case.

Entered January 21, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge